**738** SCHWARTZ *v.* BOARD OF EDUCATION OF CITY OF NEW YORK.

First Department, May, 1924. [Vol. 209

---

JOHN W. SCHWARTZ, Respondent, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, May 16, 1924.

Municipal corporations — board of education — wages of lineman-electrician in department of education, city of New York, are controlled by Labor Law of 1909, § 3, and he is not entitled to increase pursuant to Education Law, § 883, as amended by Laws of 1920, chap. 680.

The wages of a lineman-electrician employed by the board of education of the city of New York are governed exclusively by section 3 of the Labor Law of 1909 and he is entitled to receive the prevailing rate of wages for similar service in the same place but he does not come within the terms of section 883 of the Education Law, as amended by chapter 680 of the Laws of 1920, providing for an increase

of twenty per cent in the wages of certain employees in the department of education, and is not entitled to have his wages which have been fixed at the prevailing rate increased under the last-mentioned statute.

APPEAL by the defendant, The Board of Education of the City of New York, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on or about the 29th day of June, 1923, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in plaintiff's favor, in an action to recover the difference between nine dollars per day, paid to the plaintiff as an employee of the board of education, and nine dollars and sixty cents per day, during the period from August 1, 1920, to May 15, 1923, which he says he is entitled to receive under chapter 680 of the Laws of 1920, and schedules and by-laws of the board of education adopted June 16, 1920, pursuant to said law.

*George P. Nicholson, Corporation Counsel [Henry J. Shields, of counsel; John F. O'Brien with him on the brief], for the appellant.*

*Maurice Breen, for the respondent.*

MARTIN, J.:

There being no controversy as to the facts, this case was submitted to the judge of the Municipal Court for decision upon an agreed statement pursuant to section 124 of the New York City Municipal Court Code (Laws of 1915, chap. 279). The question here presented is whether the plaintiff is one of the employees of the board of education included within the provisions of chapter 680 of the Laws of 1920, and entitled to an increase in wages in accordance with its provisions.

On or about the 4th day of November, 1901, the plaintiff was duly appointed by the defendant to the position of lineman-electrician in the department of education of the city of New York, and has ever since continued to be employed in that position at a per diem rate of compensation. The defendant on the 11th day of February, 1920, by resolution duly adopted on that day, fixed the wages or compensation of the plaintiff at the then prevailing rate of eight dollars per day, amounting to two thousand two hundred and twenty dollars a year, effective as of January 1, 1920, at which rate he was actually paid to the 16th day of June, 1920. His compensation was increased on August 25, 1920, from eight dollars to the prevailing rate of nine dollars per day, effective as of May 1, 1920. During the period from August 1, 1920, to and including May 15, 1922, plaintiff was employed in said position for 496½

·days and received compensation therefor at the prevailing rate of nine dollars per day.

In the agreed statement of facts it is conceded that during all of plaintiff's service, prior to and during the time herein sued for, his employment was embraced within the provisions of section 3 of the Labor Law of the State of New York;* that he has at all times been paid the prevailing rate of wages for his position; and that the defendant failed to increase plaintiff's compensation because it believed that, since he was being paid in accordance with the prevailing rate of wages statute, he did not come within the terms of chapter 680 of the Laws of 1920.

By the terms of that act the board of education was empowered to adopt schedules and schedule conditions fixing the compensation or salaries of the members of the teaching and supervising staffs, as set forth in section 883 of the Education Law (added by Laws of 1919, chap. 645, as amd. by Laws of 1920, chap. 680), and fixing the compensation or salaries of all other members of the teaching and supervising staffs, and of other employees of the board of education.

The board met on June 16, 1920, for the purpose of carrying out the provisions of, the statute, and in furtherance of that object it amended sections 65 and 65-a of the by-laws. Section 65 made provision for members of the supervising, teaching and examining staffs, and section 65-a made provision for executive officials and other civil service employees. Section 65-a was divided into two parts, the first part classifying the positions by titles into nine classes and the second part classifying schedules of salaries for said positions. The first part enumerates a class called "skilled trades service," in which is included "trade mechanics," and it is conceded that the plaintiff is a trade mechanic. In the second part of section 65-a, wherein the schedules of salaries are stated, the title "trade mechanics" appears, but instead of a schedule of salaries being specified for the position, we find the statement "to be paid rates as fixed by the board of education."

By virtue of the provisions of the Labor Law, the plaintiff being entitled to the prevailing rate of wages, the board of education had no power to actually fix his wages or to provide any rate as his compensation other than the prevailing rate. The board decided that it was without power to fix plaintiff's compensation, and we think it properly interpreted the law. Chapter 680 of the Laws of 1920 was not intended to affect the Labor Law, which was an independent statute designed to carry into effect the constitu-

---

* See Labor Law of 1909, § 3, as amd. by Laws of 1916, chap. 152; now Labor Law of 1921, § 220. See Labor Law of 1921, § 470.— [REP.

tional provisions (Const. art. 12, § 1) providing that certain employees of a municipality or of contractors employed on public work shall receive the prevailing rate of wages paid in the community to that class of employees.

Plaintiff may not successfully invoke the protection of the Labor Law, contending that his wages are fixed by that law at not less than the prevailing rate of wages in this community, and at the same time argue that the board of education must fix his wages in accordance with the provisions of chapter 680 of the Laws of 1920. If that chapter in no way affected the provisions of the Labor Law, and we think it did not, the plaintiff is dependent on the Labor Law. It was not the intention of the Legislature that the plaintiff would have his wages twice fixed, first by the Labor Law and again by chapter 680 of the Laws of 1920. By that chapter it was intended to aid those whose wages were in the discretion of, and fixed by, the board of education.

On June 16, 1920, when the by-laws were adopted by the board of education, the plaintiff was receiving compensation at the rate of eight dollars a day. At that time the board did not specify any salary schedule for trade mechanics, for the reason that these employees were within the provisions of the Labor Law. They rightly construed chapter 680 of the Laws of 1920 as having no application to the occupation of the plaintiff.

Prior to the enactment of chapter 680 of the Laws of 1920 the board of education could not fix the wages of the plaintiff, for he had an absolute right to the prevailing rate and doubtless would not permit the board of education to pay him less than the same. His wages, being fixed by law, could not be determined by the board of education. The increase provided for by statute had its inception in the idea that the salaries of certain public officers and employees had not been increased proportionately with the prevailing rate of salaries in private business throughout the country, or in keeping with the greatly increased cost of living. This salary increase was not intended to apply to daily wage earners or mechanics, whose compensation must at all times be the prevailing rate of wages paid in the community, and whose salaries were accordingly increased from time to time to keep pace with economic conditions and the prevailing rate of wages in their particular lines of employment. To interpret the act as intending to give them the prevailing rate of wages required by law, which included periodical increases brought about by economic conditions, and then to add twenty per cent of the original wage in addition, would be to invoke a forced construction of the enactment and one it will not bear.

The whole tenor of the act shows that it was intended to aid those employees of the board of education denoted as the teaching and supervising staffs and referred to in the Education Law;* it was intended to help those whose salaries were fixed by the board and who had not received the increase in compensation which it was believed they were entitled to receive because of the change in living conditions.

We hold that the plaintiff did not come within either the intent or the letter of the statute.

The determination appealed from and the judgment of the Municipal Court should be reversed, with costs to the appellant in this court and in the Appellate Term, and judgment entered in favor of the defendant in accordance with the submission, without costs in the Municipal Court.

DOWLING, SMITH, MERRELL and McAVOY, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court reversed, with costs to appellant in this court and in the Appellate Term, and judgment directed in favor of the defendant in accordance with the submission, without costs in the Municipal Court.   Settle order on notice.

---

* See art. 33-B, added by Laws of 1919, chap. 645, as amd. by Laws of 1920, chap. 680.— [REP.